Argued January 20, affirmed February 11, petition for
rehearing denied March 9, petition for review
denied April 20, 1971

STATE OF OREGON, *Respondent, v.*
HUGH KYLE NAUGHTEN, *Appellant.*
480 P2d 448

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Gary D. Gortmaker*, District Attorney, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Defendant, having waived trial by jury, was convicted of burglary. He appeals, contending that the proceedings were void because he did not sign a written waiver of his right to trial by jury. He claims no actual prejudice, and in effect admits that with the advice of counsel he knowingly and intelligently waived his right to a jury trial. The duly certified transcript of the proceedings discloses the following:

"THE COURT: In the Matter of the State of Oregon vs. Hugh Kyle Naughten, is the State ready to proceed?

"MR. GORTMAKER: The State is ready, your Honor.

"THE COURT: Mr. Ady, is the defendant ready?

"MR. ADY: The defendant is ready, your Honor.

"THE COURT: Mr. Naughten, this is the time set for the trial in the matter of the State of Oregon, Plaintiff, versus Hugh Kyle Naughten, Defendant, wherein you have been indicted by the Grand Jury of this county and accused of the crime of burglary not in a dwelling. Mr. Ady is your attorney, and he advises me that he is ready to go to trial on your behalf. Are you ready for your trial to commence?

"DEFENDANT: Yes, your Honor.

"THE COURT: I understand that you have expressly waived the right that you have, to have your guilt or innocence, as the case may be, determined by a jury, and to have your case heard and determined by the Court without a jury.

"DEFENDANT: That's true."

Oregon Constitution, Art I, § 11, provides:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing * * *."

■ The defendant argues that "in writing" means a writing executed by the defendant. The state argues that the official transcript of the trial record meets the constitutional requirement. We do not consider that question here, for even if we assume that the constitutional requirement was not met, the resulting error was harmless. Even constitutional error does not require reversal if a court can say, as it here can, that beyond a doubt the defendant was not prejudiced. *Chapman v. California*, 386 US 18, 87 S Ct 824, 17 L Ed 2d 705, reh denied 386 US 987, 87 S Ct 824, 17 L Ed 2d 705 (1967).

■ Nevertheless we add that all trial courts are well advised to avoid the problems that may arise in connection with jury waivers by requiring that waivers be in the form of written and signed documents.

Affirmed.