*[573]
 
 ROBERTS, J.
 

 Defendant appeals from his conviction of furnishing liquor to a minor, a Class A misdemeanor. Two assignments of error are made. First, it is claimed that defendant was deprived of his right to a jury trial. Our disposition of this case makes it unneccessary to discuss the facts or the second assignment of error.
 

 After defendant was arrested and charged with the crime, his attorney made a written request for a jury trial as provided by Jackson County District Court Rule 5.6.
 
 [1]
 
 However, defense counsel did not appear at pretrial conference. Rule 5.13 of Jackson County District Court Rules provides that failure to attend a pretrial conference is a waiver of a jury trial.
 
 [2]
 
 On the day set for trial no jury was present. Defendant proceeded to trial before the judge. No mention was made of a jury by either the state or defense. The record is silent on the matter.
 

 The right to a jury trial in "criminal prosecutions” is guaranteed by the Oregon Constitution.
 

 "hi all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone,
 
 stick election to be in writing-,
 
 * * *” Or Const, Art I, § 11. (Emphasis supplied.)
 

 
 *[574]
 
 The Oregon statutes also require that a waiver of a jury trial in criminal cases be in writing.
 
 [3]
 

 The state argues that the failure to execute written waiver of a jury trial is harmless error absent a showing of actual prejudice, citing
 
 State v. Naughten,
 
 5 Or App 6, 8, 480 P2d 448, Sup Ct
 
 review denied
 
 (1971). That case held that failure of the state to obtain a written waiver was harmless error where there had been an informed oral waiver made by defendant and everything which transpired was written down by the court reporter.
 

 In the present case, there was no statement, written or oral, by the defendant that he wished to waive his right to a jury trial. The proceeding was commenced without the defendant speaking a word. The holding of
 
 State v. Naughten, supra,
 
 does not support a silent waiver of a defendant’s right to a jury.
 

 As we stated in
 
 State v. Naughten:
 
 "[A]ll trial courts are well advised to avoid the problems that may arise in connection with jury waivers by requiring that waivers be in the form of written and signed documents.” 5 Or App at 8.
 

 Reversed and remanded for new trial.
 

 [1]
 

 "All trials will be scheduled without jury unless 15 days prior to trial time written demand for a jury is filed with the court and served upon the opposing party.” Rule 5.6, Rules of the District Court of the State of Oregon for the County of Jackson.
 

 [2]
 

 "Failure of Counsel to attend the pretrial conference, absent prior arrangement, will be deemed a waiver of the jury request.” Rule 5.13, Rules of District Court of the State of Oregon for the County of Jackson.
 

 [3]
 

 "(1) The defendant in all criminal prosecutions shall have the right to public trial by an impartial jury.
 

 "(2) The defendant may elect to waive trial by jury and consent to be tried by the judge of the court alone, provided that the election is in writing and with the consent of the trial judge.”
 
 OBS
 
 136.001.