Argued and submitted March 15, reversed and remanded for a new trial
May 3, reconsideration denied August 25, petition for review denied
September 19, 1989 (308 Or 382)

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD ALAN McDANIEL,
*Appellant.*

(C 87-12-37726; CA A49169)

772 P2d 951

Richard L. Lonergan, Portland, argued the cause for appellant. With him on the brief was Clint A. Lonergan, Portland.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction after a trial to the court for operating a motor vehicle in violation of an habitual offender order, ORS 811.165, felony driving while suspended. ORS 811.175, and driving under the influence of intoxicants, ORS 813.010. He asserts that his conviction is void, because there is no written waiver of a jury trial. We reverse and remand.

Consent to be tried without a jury requires an express written waiver under both Article I, section 11, of the Oregon Constitution and ORS 136.001. The state concedes that defendant gave neither a written nor an oral waiver. Instead, the state argues that defendant failed to preserve the error for appeal, because at no time during the proceeding did defendant disagree with his attorney about the waiver of a trial by jury. It contends that there is no "principled distinction" between the error in this case and constitutional errors that we decline to review because the error was not preserved. It urges that a defendant's only recourse in such a case is a postconviction proceeding, in which the court can determine whether the defendant knowingly and intelligently waived his right to jury trial.

The "principled distinction" between the error in this case and those constitutional errors that we decline to hear unless preserved is the express requirement of the Oregon Constitution that a waiver of the right to trial by jury be in writing. Without such a writing there is no waiver. We have repeatedly emphasized that requirement. *See, e.g., State v. Cordray,* 91 Or App 436, 755 P2d 735 (1988); *State v. Wiik,* 31 Or App 571, 570 P2d 1021 (1977), *rev den* 281 Or 323 (1978). Further, ORAP 7.19(5) permits consideration of error on appeal that is apparent on the face of the record, even if it is not raised below. The absence of a signed waiver is such an error.

Reversed and remanded for a new trial.