258

Argued and submitted October 31, 1990, affirmed May 22, 1991

STATE OF OREGON,
*Respondent,*

*v.*

ELADIO LOPEZ-LOAIZA,
aka David Thomas Hernandez,
*Appellant.*

(89-10-35577; CA A64126)

812 P2d 1

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., dissenting.

## RICHARDSON, P. J.

Defendant appeals his conviction, in a trial to the court, for delivery of a controlled substance. ORS 475.992. His sole claim of error is that:

"ORS 136.001 prohibits trial to the court absent defendant's execution of a written waiver of his right to jury trial. Since no written waiver appears in the trial court file in the instant case, defendant's conviction should be reversed."

We affirm.

The failure of a defendant to execute a written waiver of jury trial, required by Article I, section 11, of the Oregon Constitution, ordinarily mandates reversal. *State v. McDaniel,* 96 Or App 337, 772 P2d 951, *rev den* 308 Or 382 (1989); *State v. Wiik,* 31 Or App 571, 570 P2d 1021 (1977), *rev den* 281 Or 323 (1978); *but see State v. Naughten,* 5 Or App 6, 480 P2d 448, *rev den* (1971).[1] However, we conclude that, in the circumstances of this case, defendant is not entitled to reversal.

After the court found defendant guilty, the matter was set for sentencing. At the commencement of the sentencing hearing, the prosecutor told the court that there was no written jury trial waiver in the file and that defendant, after discussing the matter with his counsel, had refused to execute one. The trial court then offered to retry defendant the next day to a jury, if he desired. Defendant's counsel confirmed that defendant would not sign a waiver and would not consent to a new trial but still wished to be sentenced and then seek an "automatic reversal." Defendant's counsel assumed that defendant could not be retried without an order to that effect from an appellate court.

In *State v. McDaniel, supra,* we held that the defendant did not have to preserve the jury waiver issue in order for us to address it; it was error apparent on the face of the record. *See* ORAP 5.45(2). There is, however, a difference between our authority to address an error and whether the error is reversible. Defendant was given practical alternatives: Execute a document to reflect his oral waiver of jury

---

[1] Our admonition over the last 20 years to have defendants execute waivers of jury trial appears to go unheeded by some trial courts.

trial or proceed to a new trial, either by jury or by the court. Because defendant declined to make the record reflect what presumably had occurred or to accept what he now requests on appeal — a new trial, we decline to give him relief on appeal. When the error was pointed out to the trial court, it offered to set aside the conviction and grant a new trial. Defendant declined that offer and is entitled to no more.

Affirmed.

**NEWMAN, J.,** dissenting.

The state failed to obtain a written waiver of defendant's right to trial by jury. As the state concedes, that was error. Both the Oregon Constitution and ORS 136.001 require that a defendant, to make a waiver of the right to trial by jury, must give an express written waiver.

The majority says that the error is not reversible, because defendant did not accept the court's offer of a new trial. He was under no obligation to do that. The state's brief says:

"The state agrees that a defendant's failure to execute a written jury waiver mandates reversal. *State v. Kendall,* 96 Or App 735, 773 P2d 1362, *rev den* 308 Or 382 (1989); *State v. McDaniel,* 96 Or App 337, 772 P2d 951, *rev den* 308 Or 382 (1989)."

That is correct.

I dissent.