Argued and submitted July 24, 1991, reversed and remanded for new trial
March 11, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS GEORGE HUNTLEY,
*Appellant.*

## (90-CR-0071-15; CA A65668)

827 P2d 918

Defendant was convicted in the Circuit Court, Crook County, Thomas M. Mosgrove and Stephen Tiktin, JJ., of driving while suspended. Defendant appealed. The Court of Appeals, Richardson, P. J., held that written waiver of jury trial was required.

Irene B. Taylor, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving while suspended, ORS 811.175, contending that it should be reversed because the trial court record does not contain a written waiver of jury trial.

Immediately before trial began, the court said:

"Be seated. Okay. This is State versus Huntley.

"I understand you are waiving jury. Do you have a written waiver?

"[DEFENSE COUNSEL]: Unfortunately not, Your Honor. I can have one to you over the noon lunch break. I can get one from Mr. Powers' office. My — that's my error.

"THE COURT: Okay."

There is no written jury trial waiver in the record.

The state argues that defendant should not be allowed to complain, because his counsel asserted on his behalf that a waiver would be executed and defendant made no objection to continuing with the trial without a waiver. Although we sympathize with the state's position, we cannot agree.

Article I, section 11, of the Oregon Constitution and ORS 136.001 require a written waiver of a defendant's right to jury trial. We have held that an oral waiver is not sufficient, *see State v. Cordray*, 91 Or App 436, 438, 755 P2d 735 (1988), and that the lack of an objection to proceeding without a written waiver is not fatal on appeal. *See State v. Kendall*, 96 Or App 735, 773 P2d 1362, *rev den* 308 Or 382 (1989); *State v. McDaniel*, 96 Or App 337, 772 P2d 951, *rev den* 308 Or 382 (1989). There is nothing in the record that assures us that defendant understood what rights he was waiving or that he waived them voluntarily. We cannot say, as we did in *State v. Naughten*, 5 Or App 6, 480 P2d 448, *rev den* (1971), that the error was harmless.

Reversed and remanded for a new trial.