690

Submitted on record and briefs May 19, reversed and remanded for new trial July 26, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHNNY WILFORD DEWEY McBRIDE,
*Appellant.*

(M94-01-0026; CA A86031)

899 P2d 1218

John W. D. McBride filed the brief *pro se.*

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

In a trial to the court, defendant was convicted of unlawful possession of firearms. We reverse and remand.

Defendant raises several assignments of error. Because it is dispositive, we address only his assignment that the trial court erred in trying the case without first determining whether defendant had waived his right to a jury trial.

Defendant correctly observes that there is no evidence in the record that he executed a written waiver. Article I, section 11, of the Oregon Constitution and ORS 136.001 require a written waiver of a defendant's right to a jury trial. *State v. McDaniel*, 96 Or App 337, 772 P2d 951, *rev den* 308 Or 382 (1989).

The state argues that, because defendant did not object to the bench trial, he waived his right to a trial by jury. Alternatively, it asserts that defendant, in fact, executed a written waiver, which is now inexplicably absent from the record. We reject those arguments.

There is no evidence that defendant executed a written waiver. Further, the other evidence in the record referred to by the state that defendant orally waived his right to a jury trial is not persuasive. *See State v. Huntley*, 112 Or App 22, 24, 827 P2d 918 (1992).

Reversed and remanded for a new trial.