Argued and submitted May 26, reversed and remanded for new trial
September 15, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## Sandra Mae LEMON,
*Appellant.*

(96-08-36095; CA A99007)

986 P2d 705

David E. Groom, Public Defender, and Daniel Q. O'Dell, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

BREWER, J.

## BREWER, J.

■ Defendant appeals her convictions for the manufacture and possession of Schedule II controlled substances, ORS 475.992(1)(b) and ORS 475.992(4)(b). Defendant argues that those convictions are invalid because the trial court failed to obtain her written waiver of trial by jury before proceeding with a bench trial. Defendant concedes that she failed to object to proceeding without a written waiver but contends that such an error is preserved without objection. We agree. *State v. Huntley*, 112 Or App 22, 24, 827 P2d 918 (1992). We review for errors of law, ORS 138.220, and reverse and remand for new trial, ORS 138.240.

The state acknowledges that the record contains no written waiver executed by defendant. However, the state asserts that any error reflected in that omission was harmless because the trial court's order denying defendant's pretrial motions recited that "[d]efendant waived trial by jury." Alternatively, the state contends that the recital in the order constitutes a written waiver.

Article I, section 11, of the Oregon Constitution, and ORS 136.001(1) guarantee criminal defendants the right to public trial by an impartial jury.[1] In order for a defendant validly to waive that right, the waiver must be "in writing." Or Const, Art I, § 11; ORS 136.001(1). The waiver must also be voluntary and knowing. *Huntley*, 112 Or App at 24; *State v. Corday*, 91 Or App 436, 438, 755 P2d 735 (1988).

---

[1] Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

ORS 136.001 provides:

"(1) The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury.

"(2) Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

■     Defendant argues that "in writing" means a writing executed by the accused. The state agrees that a conviction must be reversed if the record fails to establish that the defendant waived "in writing" his or her right to jury trial. However, the state contends that, as long as the *written* record contains some reference indicating that defendant waived her right to a jury trial, any error resulting from the absence of an executed written waiver is harmless and not reversible.

The state relies on *State v. Naughten*, 5 Or App 6, 480 P2d 448 (1971), in support of its harmless error argument. In *Naughten*, the trial court conducted the following colloquy with the defendant:

> " 'THE COURT: I understand that you have expressly waived the right that you have to have your guilt or innocence, as the case may be, determined by a jury, and to have your case heard and determined by the Court without a jury.

> " 'DEFENDANT: That's true.' " *Id.* at 8.

The defendant argued, on appeal, that the waiver was invalid because it was not executed in writing. The state countered that the official transcript of the record satisfied the "in writing" requirement. Assuming that an oral waiver on the record did not meet that requirement, we concluded that any error was harmless. Here, the state asks us to employ the same rationale. We cannot do so.

In *Naughten*, although the waiver was not in writing, we were able to determine meaningfully from the record that the defendant had voluntarily and knowingly relinquished the right to jury trial. Here, by contrast, the recital contained in the trial court's order constitutes no more than a conclusion that defendant waived that right. There is no basis in that order nor any other part of the record that enables us to determine whether a *voluntary and knowing* waiver occurred. Therefore, we are unable to say that any error was harmless. *See Huntley.*

The foregoing analysis also disposes of the state's alternative contention that the recital in the written order

satisfies the constitutional and statutory waiver requirements. The order does not demonstrate that defendant voluntarily and knowingly waived her right to trial by jury.

Reversed and remanded for new trial.