Argued and submitted June 29, affirmed November 15, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD EDWARD BARBER,
*Appellant.*

CR030271; A124761

147 P3d 915

Jamesa J. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Benjamin R. Hartman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Linder and Wollheim,* Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Richardson, S. J.

## EDMONDS, P. J.

Following a trial to the court, defendant was convicted of burglary in the second degree, ORS 164.215, and theft in the third degree, ORS 164.043. He assigns error to, among other rulings, the trial court's denial of his motion to suppress evidence of his DNA and the trial court's failure to obtain a written jury waiver. For the reasons discussed below, we affirm.

As part of a prior judgment of conviction, defendant was ordered to give a DNA sample in July 2002. That sample was later used to identify him as the person who had committed a burglary and theft in 2001 that led to the charges in this case. After the trial court denied his motion to suppress the DNA evidence, defense counsel indicated to the court that defendant was prepared to proceed immediately with a stipulated facts trial. The court inquired whether defendant had any objection to proceeding in that fashion, and defendant announced on the record, "No, I do not." However, defendant did not sign a written waiver of his right to a jury trial before the trial to the court.

■ In his first assignment of error, defendant contends that the collection of DNA pursuant to ORS 137.076 in 2002 constituted an unreasonable seizure under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. In *State v. Stickney*, 195 Or App 155, 97 P3d 1205 (2004), *rev den*, 338 Or 16 (2005), we rejected similar arguments for the reasons set out in *State ex rel Juv. Dept. v. Mitchell*, 130 Or App 134, 880 P2d 958 (1994), *aff'd by an equally divided court*, 325 Or 479, 940 P2d 518, *cert den*, 522 US 1004 (1997), and *State ex rel Juv. Dept. v. Orozco*, 129 Or App 148, 878 P2d 432 (1994), *rev den*, 326 Or 58 (1997). Although defendant urges that those cases were wrongly decided, we disagree and adhere to our prior reasoning.

■ In his second assignment of error, defendant contends that the trial court erred under ORS 136.001(2) and under Article I, section 11, of the Oregon Constitution when it did not obtain a written jury trial waiver from defendant before permitting him to proceed with a stipulated facts

trial.[1] The state responds that "this court should not exercise its discretion to consider defendant's unpreserved assignment of error" as error apparent on the face of the record because, in the state's view, it is clear from the record that defendant understood he had a right to jury trial and consented to a stipulated facts trial before the trial court.

In *State v. McDaniel*, 96 Or App 337, 772 P2d 951, *rev den*, 308 Or 382 (1989), the defendant similarly asserted that his conviction was void because he had not executed a written waiver of a jury trial as required by Article I, section 11, and ORS 136.001. The state, while conceding error, argued that the defendant had failed to preserve the claim of error for appeal under the appropriate rule of appellate procedure and that, for that reason, we should decline to review it. It asserted that "there is no 'principled distinction' between the error in this case and constitutional errors that we decline to review because the error was not preserved." 96 Or App at 339. We disagreed with the state's argument, explaining,

> "The 'principled distinction' between the error in this case and those constitutional errors that we decline to hear unless preserved is the express requirement of the Oregon Constitution that a waiver of the right to trial by jury be in writing. Without such a writing there is no waiver. We have repeatedly emphasized that requirement. *See, e.g.*, *State v. Cordray*, 91 Or App 436, 755 P2d 735 (1988); *State v. Wiik*, 31 Or App 571, 570 P2d 1021 (1977), *rev den*[,] 281 Or 323 (1978). Further, ORAP 7.19(5) permits consideration of error on appeal that is apparent on the face of the record, even if it is not raised below. The absence of a signed waiver is such an error."

---

[1] ORS 136.001(2) provides:

"Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *; provided, however, that any accused person * * *, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

*Id.* Our reasoning in *McDaniel* applies to the preservation issue in this case. Although defendant did not object to the trial court's failure to obtain a written waiver of his right to a jury trial, the court's error is apparent on the face of the record. *See also State v. Kendall*, 96 Or App 735, 773 P2d 1362, *rev den*, 308 Or 382 (1989).

Even though an error is apparent on the face of the record, it is within our discretion as to whether to review it in a particular case. *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990). In deciding whether to exercise our discretion to consider errors apparent on the face of the record, we consider such nonexclusive factors as the competing interests of the parties, the nature of the case, the gravity of the error, how justice might best be served, whether the error was called to the attention of the trial court in any manner and could have been corrected by it, and whether the policies behind the general rule requiring preservation of error have been served in the case in another way. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Here, defendant's counsel initiated the proposal for a stipulated facts trial. After the trial court ruled on the motion to suppress on March 26, it inquired of defense counsel in defendant's presence whether defendant wished to proceed to trial "at this time, or did you wish to have it continued." Defense counsel responded, "We're prepared to do a stipulated facts trial." The court then inquired of the prosecutor whether she was prepared to proceed with a stipulated facts trial. The prosecutor advised the court that it could proceed with a stipulated facts trial "presuming that counsel is stipulating to the various paper documents coming in." Defense counsel then informed the court that trial was set for March 31, and the parties agreed, at the suggestion of the court, that the stipulated facts trial and sentencing would occur on that date. The court discussed in some detail how counsel should confer and agree on the exhibits to be admitted at the trial before the eve of trial. Finally, the court inquired of defendant, "Do you have any objection if your attorney and [the prosecutor] get together and do this, sir?" Defendant answered, "No, I do not."

On March 31, the parties appeared before the trial court. The court inquired whether defendant had any objections to "State's exhibits 1 and 2 as the facts to which the parties are stipulating to." Defense counsel replied, "There are no objections, Your Honor." The trial court then admitted the exhibits into evidence and ultimately found defendant guilty.

■     In *Ailes*, the court admonished,

"A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error."

312 Or at 382. The *Ailes* court's statement is particularly pertinent here because the failure to procure a written jury waiver of defendant could easily have been remedied, had the matter been brought to the attention of the trial court. Although it cannot be said, based on the above facts, that defendant invited the trial court to proceed without a written jury waiver, we take into account in deciding whether to exercise our discretion to review his claim of error under ORAP 5.45 that defendant's counsel proposed the stipulated facts trial and that defendant knowingly participated in that process.[2] Moreover, defendant's actions at trial would be particularly meaningful to the exercise of our discretion not to review the error if we are confident that defendant was aware of his right to a jury trial at the time that he authorized his counsel to enter into a stipulated facts trial.

In that regard, the state argues in its brief,

"Moreover, it cannot reasonably be disputed that defendant understood the rights that he orally waived at trial. Defendant has been involved in the criminal justice system since 1982, and in that time he has repeatedly been apprised and waived his right to a jury trial. In fact, defendant executed a knowing and voluntary waiver in the case where the trial court ordered him to provide a tissue sample for the convicted offender database. Then again, just six months before defendant's oral waiver in the present case—in

---

[2] "Invited error" occurs when an appellant is "actively instrumental in bringing about the error." *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006). "Invited error" cannot serve as a basis for reversal. *State v. Maxwell*, 165 Or App 467, 478, 998 P2d 680 (2000), *rev den*, 334 Or 632 (2002).

another case also on appeal before this court—he signed a written waiver in the presence of the trial court and stated to the court that he understood that waiver. Defendant did the same six months after the present case."

(Citations to records omitted.)

■    OEC 201(f) provides that "[j]udicial notice may be taken at any stage of the proceeding." We conclude therefore that we may take judicial notice of defendant's jury waivers in other cases on appeal if those records meet the requirements of OEC 201(b). That rule provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) Generally known within the territorial jurisdiction of the trial court; or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." We conclude that our own court records qualify as sources for judicially noticed facts for purposes of the exercise of our discretion under ORAP 5.45.

Our review of the above court records and the transcript in this case indicates the following. The agreement in this case to enter into a stipulated facts trial occurred on March 26, 2004. The trial was completed on March 31, 2004. At the time of sentencing, the prosecutor stated:

"Your Honor, the Defendant has prior convictions in 1982 of Theft II, a CCW.[3] In '83, a Burg II, a CCW. In '84, a Burg I. In '86, a Burg II. In '87, he had five Burg II's. In '88, a Burg II. In '92, he had two Burg II's. In 2000, an attempted Burg II times two, Criminal Mischief II times two, Possession of Burglar's Tools and a PCS. In 2002, a Burg II. Then in January of last year of '03, he had another Burg II and it's my understanding he was sentenced and I think is perhaps still serving[.]"

Defendant interjected, "Correct." Later, defendant explained in some detail about his prior convictions, when they occurred, his loss of good time because of subsequent convictions, and his present custodial status. As to the other cases on appeal, our records indicate written waivers of jury trial in other cases involving defendant on July 23, 2002, October 3,

---

[3] CCW would appear to refer to a conviction for carrying a concealed weapon, ORS 166.240.

2003, and September 28, 2004. Based on the record before us, it is apparent that defendant knew that he had a right to a jury trial at the time that he agreed to a stipulated facts trial in March 2004. Under all of the above circumstances, we decline to exercise our discretion to vacate his conviction for lack of a written jury waiver because we are persuaded that defendant voluntarily and knowingly entered into a stipulated facts trial while aware of his right to a jury trial.

Nonetheless, defendant argues that our decision in *State v. Lemon*, 162 Or App 640, 986 P2d 705 (1999), compels the opposite result. In that case, the state argued that, as long as the record contained some reference indicating that the defendant waived her right to a jury trial, any error resulting from the absence of a written waiver was harmless error under *State v. Naughten*, 5 Or App 6, 480 P2d 448 (1971). In *Naughten*, we held that, although the waiver of a jury trial was not in writing, we were able to determine that the defendant had voluntarily and knowingly relinquished the right to a jury trial. Distinguishing that case, we stated in *Lemon*:

> "Here, by contrast, the recital contained in the trial court's order constitutes no more than a conclusion that defendant waived that right. There is no basis in that order nor any other part of the record that enables us to determine whether a *voluntary and knowing* waiver occurred. Therefore, we are unable to say that any error was harmless."

162 Or App at 643 (emphasis in original).

This case is distinguishable from *Lemon* on its facts. Here, the error is unpreserved but apparent on the face of the record. If we were to exercise our discretion to review the error under ORAP 5.45, we would consider whether it was harmless within the context of what occurred. But, in this case, we do not reach that issue because we do not exercise our discretion to review the claim of error based on all of the above circumstances.

We reject defendant's other assignments of error without discussion.

Affirmed.