Submitted September 30, reversed and remanded November 13, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CANDACE BAFUS,
aka Candy Bafus,
*Defendant-Appellant.*

Multnomah County Circuit Court
120331010; A153213

340 P3d 89

Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant challenges her convictions for nine counts of first-degree aggravated theft by deception, ORS 164.057 and ORS 164.085, and two counts of first-degree theft by deception, ORS 164.055 and ORS 164.085. She raises 13 assignments of error, but we only address her first assignment of error in which she contends that the trial court committed a reversible "error of law apparent on the record," ORAP 5.45(1), when it held a bench trial and convicted her without first obtaining a written waiver of her right to a jury trial. The state concedes that the trial court, in violation of Article I, section 11, of the Oregon Constitution, committed plain error in failing to obtain the written jury waiver. *See, e.g., State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007); *State v. Gilbert*, 255 Or App 203, 206, 296 P3d 629 (2013). We agree and accept the concession. We exercise our discretion to correct the error for the reason stated in *Barber*, 343 Or at 530 ("[W]ith respect to that kind of error under Article I, section 11, we cannot identify any way in which an appellate court may elect under ORAP 5.45(1) either to refuse to recognize the error or, having recognized it, refuse to correct it."), and reverse and remand for a new trial. That disposition obviates the need to consider defendant's remaining assignments of error.

Reversed and remanded.