Argued and submitted December 20, 2007, reversed and remanded
February 13, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RHONDA LOUISE BURKE,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR040545; A129508

178 P3d 311

Zachary L. Mazer argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Legal Services Division, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

After a trial to the court on stipulated facts, defendant was convicted of possession of a controlled substance, *former* ORS 475.992. On appeal, she argues that her conviction must be reversed because the record does not contain a written jury waiver. The state concedes that the conviction must be reversed for that reason, and we agree and accept that concession. *State v. Barber*, 343 Or 525, 173 P3d 827 (2007). Accordingly, we reverse defendant's conviction and remand for the trial court to determine whether defendant wishes to waive her right to a jury trial and stipulate to the facts.

Defendant also argues that the trial court committed error apparent on the face of the record, ORAP 5.45, by ruling on her motion to suppress evidence in her absence. The state responds that the error does not appear on the face of the record because there are competing factual inferences as to whether defendant waived her right to be present at the hearing on the motion. On remand, the trial court may consider, in the first instance, whether defendant waived her right to be present at the suppression hearing or whether to reopen the record for that hearing.

Reversed and remanded.