Argued and submitted September 30, reversed and remanded
December 18, 2013, petition for review denied May 8, 2014 (355 Or 380)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY GLEN SMITH,
*Defendant-Appellant.*

Marion County Circuit Court
08C40934; A147154

316 P3d 387

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services. Jeffrey Glen Smith filed a supplemental brief *pro se.*

Jennifer S. Lloyd, Attorney in Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted by the court, on stipulated facts, of three counts of using a child in a display of sexually explicit conduct, three counts of first-degree encouraging child sexual abuse, and one count of second-degree sodomy. On appeal, defendant argues that, under Article I, section 11, of the Oregon Constitution, the court plainly erred in proceeding with the stipulated facts trial without a written waiver of the right to a jury trial. *State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007) ("There is no waiver of a jury trial unless that waiver is in writing and, without a waiver, defendant should have been tried by a jury. The judge's error thus lay in going to trial *at all*." (Emphasis in original.)).

The state, for its part, acknowledges that there is no writing in the record that includes "an express statement that defendant intends to 'waive' a right to a trial by a 'jury.'" Nonetheless, the state argues that the record includes a document—namely, a "Stipulation of Fact" signed by defendant—that sufficiently establishes defendant's intent to proceed without a jury trial. According to the state, that signed stipulation, which recites what the state would be able to prove "if this matter were taken to trial," should be treated as a written waiver of a jury trial for purposes of Article I, section 11; at the very least, the state argues, there is a reasonable dispute on that point that precludes plain-error review. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (error is not plain if the matter is reasonably in dispute).

We are not persuaded that the "Stipulation of Fact" even arguably qualifies as a written election to waive the constitutional right to a jury trial under Article I, section 11. Nothing in the "Stipulation of Fact" mentions the right to a jury trial or indicates that defendant even knew that he had such a right, let alone that he knowingly and voluntarily relinquished that constitutional right by stipulating to certain facts. As we stated in *State v. Bailey*, 240 Or App 801, 806, 248 P3d 442 (2011), "[A] written waiver of a criminal defendant's constitutional right to trial by jury must be made of sterner stuff."

Because the record does not contain a written waiver of defendant's right to a jury trial, the court erred in proceeding with a trial on stipulated facts. *Barber*, 343 Or at 530. Furthermore, for the reasons expressed in *Barber*, we exercise our discretion to correct the error. *See Bailey*, 240 Or App at 806 n 4 (explaining that, under *Barber*, "this particular species of error is one that is apparent on the face of the record and, because of the unique specificity of Article I, section 11, this court has no discretion to ignore the error, once it is called to our attention").[1]

Reversed and remanded.

---

[1] Defendant also challenges other trial court rulings, including the court's denial of his motion to suppress and its denial of his motion to controvert a search-warrant affidavit. We reject defendant's other assignments of error without discussion.