Submitted April 21, reversed and remanded June 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LACEY VERONICA BARNETT NICHOLS,
*Defendant-Appellant.*

Washington County Circuit Court
D152382T; A160925

395 P3d 83

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Shorr, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, defendant seeks reversal of her conviction because the court held a bench trial without obtaining a written jury waiver from her. Defendant acknowledges that she did not preserve the claim of error, but asks us to correct it as plain error, ORAP 5.45(1). The state concedes that, under the circumstances of this case, the trial court plainly erred under *State v. Barber*, 343 Or 525, 173 P3d 827 (2007), and that we should exercise our discretion to correct the error.

Under Article I, section 11, of the Oregon Constitution, and ORS 136.001, a defendant's waiver of the right to a jury trial must be in writing. Here, the trial court held a stipulated-facts trial by agreement of the parties. However, the transcript does not reflect that defendant first waived her right to a jury trial. And the trial court record does not contain a written jury-trial waiver from defendant. We agree with the state that it was plain error for the court to conduct the bench trial and that we are required to correct that error. *Barber*, 343 Or at 530 (a trial court plainly errs in going to trial at all absent a written jury waiver and the appellate courts lack discretion to refuse to correct that error).

Reversed and remanded.