Argued and submitted September 10, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings December 13, 2007

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# RICHARD EDWARD BARBER,
*Petitioner on Review.*

(CC CR030271; CA A124761; SC S54661)

173 P3d 827

Bronson D. James, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Mary H. Williams, Solicitor General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief was Hardy Myers, Attorney General.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

---

** Linder, J., did not participate in the consideration or decision of this case.

GILLETTE, J.

**GILLETTE, J.,**

In this criminal case, defendant was convicted of burglary and theft in a trial that was conducted by the court on stipulated facts.[1] With respect to that trial, the record does not contain either a written waiver of defendant's right to a jury trial or some other indication that defendant executed such an agreement. Defendant appealed his convictions to the Court of Appeals, arguing, among other things, that the lack of a written waiver invalidated those convictions. The Court of Appeals agreed that the lack of a written waiver violated defendant's rights under Article I, section 11, of the Oregon Constitution.[2] The court nonetheless affirmed defendant's convictions, concluding that, although the error was apparent on the face of the record, the court would exercise its discretion not to consider it. *State v. Barber*, 209 Or App 262, 266, 269, 147 P3d 915 (2006). We allowed defendant's petition for review, and now reverse the decision of the Court of Appeals.

As noted, the record in this case does not include either a pretrial written waiver of defendant's right to a jury trial or any other indication in the record that such a document had been executed. Indeed, the only discussion in this record that even arguably touches on the subject of waiver of defendant's jury trial right is one question put by the trial judge to defendant ("Do you have any objection if your attorney and [the prosecutor] get together and do this, [*i.e.*, agree on stipulated facts] sir?") and the defendant's answer ("No, I do not."). Neither defendant nor his lawyer ever objected to the procedure that the trial court followed.

---

[1] Defendant is a veteran of the process, having been convicted of burglary on several occasions. Police identified him as the perpetrator of the present crime through DNA evidence obtained as a result of a previous conviction. He moved to suppress evidence relating to that DNA-based identification, but the trial court overruled his motion. The stipulated facts trial followed. As the case comes to us, there no longer is any issue respecting the DNA evidence.

[2] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *; * * * any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

On defendant's appeal to the Court of Appeals, the state, although pointing out that there had been no objection to defendant's case being tried on stipulated facts to the court, went on to acknowledge that there nonetheless had been an error. However, the state asserted that the Court of Appeals should elect not to consider that error:

"Although the state concedes that the trial court plainly erred in trying defendant to the bench on stipulated facts without a written waiver, the error was harmless in light of defendant's oral waiver. Thus, this court should decline to exercise its discretion to review defendant's asserted error."

As we shall explain, the Court of Appeals in the main accepted the state's invitation to dispose of the case on that discretionary ground.

The authority of a reviewing court to consider error apparent on the face of the record is described in ORAP 5.45(1):

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

Although that rule was not cited in the Court of Appeals opinion in this case, there is no question that the court was relying on that rule and intended to follow it. The court stated:

"Even though an error is apparent on the face of the record, it is within our discretion as to whether to review it in a particular case. *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990). In deciding whether to exercise our discretion to consider errors apparent on the face of the record, we consider such nonexclusive factors as the competing interests of the parties, the nature of the case, the gravity of the error, how justice might best be served, whether the error was called to the attention of the trial court in any manner and could have been corrected by it, and whether the policies behind the general rule requiring preservation of error have been served in the case in another way. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991)."

*Barber*, 209 Or App at 266. *Ailes* is this court's principal case analyzing ORAP 5.45(1), a fact that further justifies our conclusion that the Court of Appeals was proceeding under that rule.

The Court of Appeals then identified the factors in the present case that seemed to it to be pertinent and, having done so, chose not to address the error. *Id.* at 267-69. We need not address those factors here; it is sufficient to note that the Court of Appeals considered a range of them, weighed them, and then made its discretionary choice. That is the way such decisions are supposed to be made under the *Ailes* paradigm. *Compare State v. Fults*, 343 Or 515, 173 P3d 822 (2007) (exercise of discretion based on single factor, considered alone, inconsistent with exercise of discretion as contemplated by *Ailes*).

We begin our review of the Court of Appeals decision in this case by considering the text of Article I, section 11. As noted, that section provides, in part:

> "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *; * * * any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

The special peculiarity of Article I, section 11, does not lie in the fact that it describes a personal right. That is a characteristic that it shares with other constitutional provisions, such as Article I, section 8 (right of free expression), section 9 (right to be free from unreasonable searches and seizures), and section 12 (protection against double jeopardy), to name but a few. The distinction instead lies in the fact that Article I, section 11, not only recognizes a right but also specifies the only way in which that right may be lost, *viz.*, by a written waiver executed before trial commences, together with trial court consent.

Indeed, when one focuses on the right to a jury trial granted by Article I, section 11, its unique nature and the consequences that flow from that nature become apparent. The provision undoubtedly is worded as an individual right ("the accused person shall have the right to public trial by an

impartial jury"). But the emphasized part of the phrase, "any accused person * * * may elect to waive trial by jury and consent to be tried by the judge of the court alone, *such election to be in writing*," demonstrates what it is that makes Article I, section 11, different: The provision itself prescribes the only way in which an accused person may waive his or her right to a jury trial, and adherence to that method by the trial judge is itself a substantive constitutional right to which the accused is entitled.

We think that the unique wording of the part of Article I, section 11, that we emphasize today and the unique kind of rights that that wording represents places errors committed with respect to it in a unique posture also: There is no waiver of a jury trial unless that waiver is in writing and, without a waiver, defendant should have been tried by a jury. The judge's error thus lay in going to trial *at all*. And, with respect to that kind of error under Article I, section 11, we cannot identify any way in which an appellate court may elect under ORAP 5.45(1) either to refuse to recognize the error or, having recognized it, refuse to correct it. Put in *Ailes / Fults* terms: There unquestionably is a "strong polic[y] requiring preservation and raising of error." *Fults*, 343 Or at 521 (citing *Ailes*, 312 Or at 382). But that policy and the factors underlying it are court-created and general. Here, those factors have to be weighed against a constitutional provision specifying the only way that the right that the provision separately grants may be waived. So understood, there is no contest. The Court of Appeals' contrary conclusion that it had the discretion to ignore the absence of a written waiver was incorrect.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.