Submitted May 28, affirmed July 2, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL TODD AKERS,
*Defendant-Appellant.*

Lane County Circuit Court
230505268; A132100

188 P3d 417

Peter Gartlan, Chief Defender, Legal Services Division, and Elizabeth Ann Corbridge, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was found guilty of possession of a controlled substance, *former* ORS 475.992(4) (2003), *renumbered as* ORS 475.840(3) (2005), following a stipulated facts trial. He appeals, contending that the trial court erred in conducting the trial without a valid written waiver of his right to a jury trial. He concedes that he did not preserve the issue, but asks that we address it as plain error. We conclude that, on the facts of this case, the error, if any, is not plain and therefore affirm.

The relevant facts are not in dispute. Defendant was charged with possession of a Schedule II controlled substance. He petitioned the court to participate in what is known in Lane County Circuit Court as the "LIFE program." In a nutshell, the program permits a defendant to stipulate to the commission of a drug offense, be found guilty in a stipulated facts trial to the court, and then participate in drug court. Upon successful completion of the program, the charges are dismissed. Failure to successfully complete the program leads to the imposition of sentence on the conviction.

Defendant filled out a "PETITION, AGREEMENT AND WAIVER TO ENTER L.I.F.E. PROGRAM." The form begins with the declaration that,

> "[i]f this Petition is allowed by the Court, I agree to give up the rights and carry out the agreements listed below. My initials next to each sub-section indicate that I have read, or have had read to me, these sections and understand the rights I give up, and the obligations I accept."

The balance of the form consists of three sections: a "waiver" section, a "stipulation" section, and an "agreements and conditions" section.

The "waiver" section includes five paragraphs, the first two of which are on one page and the remaining three on a second page. The first two paragraphs require defendant to acknowledge the nature of the charges, waive the right to be

charged by indictment, and stipulate to the nature of the substances that were found in his possession. Defendant initialed those two paragraphs. The remaining three paragraphs of the waiver section on the following page detail his rights to plead not guilty, to a speedy trial, to confront witnesses, to obtain the assistance of a lawyer, to not testify, and to insist that the state prove its case beyond a reasonable doubt. In addition, they include the following statement with respect to the right to a jury trial:

> "I freely and voluntarily waive my right to trial by a jury and consent to have this case tried by a judge, if a trial is necessary. I further waive any right I might have to object to this proceeding based upon want of prosecution or lack of speedy trial."

Defendant did not initial those three paragraphs.

The "stipulation" section includes a paragraph on the same page as the foregoing jury waiver that details the charge against defendant, the date of the offense, an agreement to submit to a stipulated facts trial, and the possible sentence upon failure to complete the program successfully. Defendant did not initial the paragraph, but he did fill in the blanks for his name, the date of the offense, and the stipulated sentence.

The "agreements and conditions" section includes 16 different paragraphs on the following three pages. Among other things, those paragraphs specify that defendant agreed "that the Court will find me guilty of possession of a controlled substance * * * and defer the proceeding without entering an adjudication of guilt." Defendant initialed all but one of those paragraphs.

At the conclusion of the agreement, there is the following text:

> "I have read, or have had read to me, the above statement of the rights I must give up and the stipulations and agreements I must make. I understand what I have read or have had read to me. I knowingly and voluntarily give up these rights and enter into these agreements with the Court.

"I hereby petition the Court to admit me to the Circuit Court L.I.F.E. Program based upon the waivers, stipulations, and agreements contained in this document."

There follows defendant's full signature.

After that, there is a certification by defendant's counsel:

"I certify that I am the attorney for the above-named Defendant; that I have discussed the matter of this Petition, Agreement and Waiver with the Defendant and advised the Defendant of the constitutional rights described herein; of the agreements described herein; that the Defendant desires to waive these rights and enter into these agreements; that in my opinion the within election is well-founded in law and is not made or filed for the purposes of delay and in support thereof the Defendant will rely on Article I, Section 11 of the Oregon Constitution."

There follows the signature of defendant's lawyer.

■ Defendant did not successfully complete the LIFE program. The trial court then found him guilty of the offense to which he had stipulated and imposed sentence. Now, on appeal, defendant argues that he was denied his constitutional right to a jury trial. He concedes that he did not raise the issue to the trial court. He argues instead that we can, and should, reach the issue as plain error. According to defendant, Article I, section 11, of the Oregon Constitution requires that a defendant's waiver of the right to a jury trial be in writing, and this court has held that the lack of such a written waiver is reviewable as plain error. *See, e.g., State v. Lemon,* 162 Or App 640, 643, 986 P2d 705 (1999).

The state argues that, whether or not we can review the lack of a written waiver of the right to a jury trial as plain error is beside the point because, in this case, we have a written waiver. The state points to the fact that defendant signed the application for the LIFE program, a necessary component of which is the waiver of his right to a jury trial.

Defendant replies that the application for the LIFE program does not constitute a written waiver of his jury trial right because he did not initial the specific paragraph that referred to the waiver of that right. The state rejoins that,

although defendant is correct that he did not initial that particular paragraph, he did sign the document itself, which expressly provides that he read, or had read to him, "the above statement of [ ] rights"—which included the waiver of the right to a jury trial—and that he "knowingly and voluntarily g[a]ve up th[o]se rights" in order to enter into the LIFE program. At the very least, the state contends, the LIFE program application gives rise to competing inferences about whether defendant knowingly and voluntarily waived his right to a jury trial, thus precluding plain error review.

Article I, section 11, of the Oregon Constitution and ORS 136.001(2) guarantee criminal defendants the right to a jury trial; to validly waive that right, a defendant must express the waiver "in writing." We have held that, when there is no dispute that there was no written waiver executed by the defendant, the absence of such a waiver is reviewable as plain error, apparent on the face of the record. *Lemon*, 162 Or App at 643.

In this case, however, there is a dispute about whether defendant, in fact, provided the required written waiver. As the state notes, the LIFE program application form, which defendant filled out and signed, includes a statement that he had read "the above statement of the rights I must give up," which included the right to a jury trial. The form further includes a provision, which defendant specifically initialed, that "the Court will find me guilty of possession of a controlled substance." Defendant's sole argument in support of the contention that the LIFE program application does not constitute a written waiver is the fact that he failed to initial the paragraph of the document that refers to a waiver of his right to a jury trial. But, again, as the state correctly notes, the fact that defendant did not initial that paragraph does not necessarily negate the other portions of the document that refer to his knowing and voluntary waiver of his jury trial right.

■■ To constitute plain error, the claimed error must be an error of law, obvious, and apparent on the face of the record. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). A claimed error is not "plain" if it is necessary to "choose between competing inferences to find it." *State v. Brown*, 310

Or 347, 355, 800 P2d 259 (1990). In this case, at best—from defendant's point of view—we are required to choose between competing inferences to determine defendant's intent when he signed the LIFE program application. On the one hand, he may simply have inadvertently neglected to initial the paragraph concerning his waiver of his right to a jury trial, certainly a reasonable inference in light of the other provisions of the same document that he initialed and signed and his lawyer's averment that he had discussed the matter with defendant and that defendant wished to waive his rights. On the other hand, he could have intended—notwithstanding those other provisions of the application—to signal an intention not to waive his jury trial right by his failure to initial that paragraph. Regardless of what defendant actually intended, the fact is that the necessity of choosing between the competing inferences defeats his contention that the error is "plain." *Gornick*, 340 Or at 169-70.

Affirmed.