Argued and submitted March 31, affirmed October 14, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARRY JEANTY,
*Defendant-Appellant.*

Washington County Circuit Court
C070402CR; A136225

218 P3d 174

Bronson D. James, Chief Deputy Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Following a bench trial, defendant was convicted of tampering with a witness. ORS 162.285. He appeals, asserting that the trial court improperly conducted the trial without a valid written waiver of his right to a jury trial.[1] Defendant acknowledges that he did not preserve his claim of error before the trial court, but contends that we must consider it nonetheless. We affirm.

The relevant facts are not in dispute. Defendant was charged with tampering with a witness. On the day of trial, he submitted a signed form entitled "Waiver of Jury Trial" (boldface omitted) to the court. The form recites defendant's right to a jury trial and states that defendant's attorney has explained that right to defendant and that he understands it. It then provides, "After being advised, and of my own free will, I wish to waive my rights to a jury trial in this matter as follows[.]" (Emphasis omitted.) After that statement, the form provides two choices, each of which is accompanied by a box for defendant to mark, thereby indicating his choice. The first option states, "I WAIVE my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged and any sentence-enhancement facts." The second states, I DO NOT waive my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged, but I WAIVE my right to have a jury decide the following sentence-enhancement facts * * *[.]"[2] Defendant in this case failed to check any box. However, he and his attorney signed the bottom of the form.

After the waiver of jury trial form was submitted to the court, the court had a short discussion with defendant:

"THE COURT:  Okay. So, Mr. Jeanty, it sure looks to me like that's your signature on this document saying that you want to give up your right to a jury; is that true?

---

[1] In his opening brief, defendant raised two other assignments of error. After oral argument, the parties informed this court that those assignments of error are moot. Accordingly, we do not address those assignments.

[2] The form also provides two additional choices regarding sentencing: defendant could waive his right to have the jury consider any enhancement facts related to defendant and defendant could waive his right to have the jury consider any enhancement facts related to the offense.

"THE DEFENDANT: That's correct, Your Honor.

"THE COURT: And then your attorney has signed it right next to you. So, tell me, do you feel like you've had enough time to talk with your lawyer about making this decision?

"THE DEFENDANT: Yes, I did, judge.

"THE COURT: Okay. Well, I will accept the Defendant's waiver and we will proceed with a trial to the Court.

"[DEFENSE COUNSEL]: Okay."

The trial judge signed the jury waiver form, finding that "Defendant's waiver of jury trial is intelligent, knowing, and voluntary, and the court accepts that waiver." Following the bench trial, the trial court found defendant guilty of tampering with a witness.

Defendant argues on appeal that, because no box was checked on the waiver of jury form, there was no valid written waiver of his right to a jury trial in this case. Defendant concedes that he did not raise that issue before the trial court, but asserts that this court must address the error. Preliminarily, defendant asserts that the court need not engage in a plain error analysis. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Citing the Supreme Court's decision in *State v. Barber*, 343 Or 525, 173 P3d 827 (2007), defendant contends that "[t]he lack of a valid written jury waiver is a matter that is preserved, even without an objection."

Pursuant to Article I, section 11, of the Oregon Constitution and ORS 136.001(2),[3] a criminal defendant has a right to a jury trial, and any waiver of that right must be "in writing." Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * * any

---

[3] ORS 136.001(2) provides:

"Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

The *Barber* court discussed the nature of a defendant's right to waive a jury trial:

"The special peculiarity of Article I, section 11, does not lie in the fact that it describes a personal right. That is a characteristic that it shares with other constitutional provisions, such as Article I, section 8 (right of free expression), section 9 (right to be free of unreasonable searches and seizures), and section 12 (protection against double jeopardy), to name but a few. The distinction instead lies in the fact that Article I, section 11, not only recognizes a right but also specifies the only way in which that right may be lost, *viz.*, by a written waiver executed before trial commences together with trial court consent."

343 Or at 529. The court continued, "There is no waiver of a jury trial unless that waiver is in writing and, without a waiver, defendant should have been tried to a jury." *Id.* at 530.

■   Defendant asserts that the court in *Barber* held that the plain error doctrine does not apply in cases concerning the need for a written waiver of a jury trial. We disagree. The Supreme Court explicitly engaged in a plain error analysis and concluded that, where a trial court conducted a bench trial in the complete absence of any written waiver, the error was clear and must be corrected. *Id.* (referencing ORAP 5.45(1); *Ailes*, 312 Or at 382; and *State v. Fults*, 343 Or 515, 522, 173 P3d 822 (2007)). Thus, this court must first engage in a plain error analysis, even where, as here, defendant asserts that his Article I, section 11, rights have been violated.

■   We turn to the substance of defendant's assertion that the trial court improperly conducted a bench trial without a valid written waiver of his right to a jury trial in this case. Specifically, he contends that his failure to check any box on the waiver form means that there was no written waiver of the right to a jury trial in this case. The state responds that the law does not dictate that a written waiver

be in any particular form and that, based on all the circumstances in this case, the trial court did not err.

As discussed above, Article I, section 11, requires that any waiver of the right to a jury trial be in writing. In cases where the record contains no evidence of any "written waiver executed by the defendant, the absence of such a waiver is reviewable as plain error, apparent on the face of the record." *State v. Akers*, 221 Or App 29, 34, 188 P3d 417 (2008) (citing *State v. Lemon*, 162 Or App 640, 986 P2d 705 (1999)); *see also Barber*, 343 Or at 530 (concluding that a bench trial in the absence of any written waiver is plain error). In this case, however, we are not confronted with the complete absence of a written waiver. Instead, defendant asserts that the written waiver that he signed and submitted to the trial court is not sufficient to waive his right to a jury trial because he did not check any of the boxes on the form.

We must, thus, determine whether it was plain error for the trial court to conduct a bench trial under those circumstances. "To constitute plain error, the claimed error must be an error of law, obvious, and apparent on the face of the record." *Akers*, 221 Or App at 34; *see* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the face of the record."). "A claimed error is not 'plain' if it is necessary to 'choose between competing inferences to find it.' " *Akers*, 221 Or App at 34 (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). The facts and analysis in *Akers* are instructive in the resolution of defendant's contention in this case, where the record contains a written waiver that defendant, nonetheless, argues is insufficient.

In *Akers*, the defendant signed a form to facilitate his entry into a special drug court program. The form at issue contained clauses whereby the defendant waived a number of rights, including his right to a jury trial. It also included a clause at the beginning that provided, " 'My initials next to each sub-section indicate that I have read, or have had read to me, these sections and understand the rights I give up, and the obligations I accept.' " *Akers*, 221 Or App at 31. The defendant, however, failed to initial the jury waiver section of the

form. On appeal, the defendant contended that, due to his failure to initial the jury waiver section, there was no valid written waiver of his right to jury trial, and he requested that this court address that issue as plain error. We concluded that there were competing inferences that could be drawn from the facts and, therefore, any error was not plain:

> "In this case, at best—from defendant's point of view—we are required to choose between competing inferences to determine defendant's intent when he signed the [document at issue]. On the one hand, he may simply have inadvertently neglected to initial the paragraph concerning his waiver of his right to a jury trial, certainly a reasonable inference in light of the other provisions of the same document that he initialed and signed and his lawyer's averment that he had discussed the matter with defendant and that defendant wished to waive his rights. On the other hand, he could have intended—notwithstanding those other provisions of the [document]—to signal an intention not to waive his jury trial right by his failure to initial that paragraph. Regardless of what defendant actually intended, the fact is that the necessity of choosing between the competing inferences defeats his contention that the error is 'plain.' "

*Id.* at 35.

In this case, although defendant failed to check any of the boxes on the jury waiver form, defendant and his counsel both signed the form. Furthermore, defendant personally informed the trial court that his signature on the form was intended to "give up [his] right to a jury" and that he had had sufficient time to discuss that decision with his attorney. The court orally accepted that waiver of defendant's right to a jury trial and also signed the jury waiver form stating, in writing, that defendant had waived his right to a jury trial and that the court accepted the waiver. As in *Akers*, different inferences could be drawn from defendant's failure to check a box on the jury waiver form. One is that defendant intended to decline to waive his right to a jury. Another possible inference is that defendant unintentionally failed to check the box. We deem the second inference significantly more likely in light of defendant's signature on the form, together with his statements to the trial court. In any event, because of the

existence of those competing inferences, as in *Akers*, there is no plain error in this case.

Affirmed.