Submitted October 27, reversed and remanded December 21, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA JAMES HERRINGTON,
*Defendant-Appellant.*

Lane County Circuit Court
201422694; A159712

387 P3d 485

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**SHORR, J.**

Defendant appeals a judgment convicting him of delivery of methamphetamine, ORS 475.890 (Count 1), and unlawful possession of methamphetamine, ORS 475.894 (Count 2). On appeal, defendant advances two assignments of error. First, he asserts that the trial court plainly erred when it conducted a bench trial without a written jury waiver from defendant. Second, defendant claims that the trial court erred when it refused to merge Counts 1 and 2 into a single conviction for unlawful delivery of methamphetamine. We agree that the trial court plainly erred in conducting a bench trial without a written jury waiver from defendant, and we exercise our discretion to correct the error. Consequently, we do not need to reach defendant's second assignment of error. Accordingly, we reverse and remand.

The relevant facts are procedural and undisputed. In a two-count indictment, the state charged defendant with unlawful delivery and unlawful possession of methamphetamine. Defendant chose to proceed in a stipulated-facts bench trial. Before the trial began, the court engaged in a colloquy with defendant where defendant orally stated that he understood that he had the right to a jury, that his attorney had explained that right to him, that he was choosing to waive that right, and that he was not waiving that right in response to threats. Following the colloquy, the trial court "accept[ed] the waiver * * * of jury, as freely and voluntarily being made." The court also received a form that defendant and his attorney had signed entitled "ELECTION TO WAIVE JURY OF TWELVE." (Capitalization in original.) That form stated, "I, the above-named defendant, do hereby elect to waive trial by a jury of twelve, and I further consent that this case may be tried by a jury of six*." The form then provided in a footnote, "*Verdict of guilty or not guilty must be unanimous. Each side is permitted three peremptory challenges. The Defendant exercises the first challenge." The record contains no written waiver of the right to a jury, but only waiver of the right to a 12-person jury and consent to a six-person jury. The court mistakenly referred to the form as "an election to waive a jury." Defendant, however, never challenged the lack of a written jury waiver at trial.

Following the bench trial, the court found defendant guilty on both counts.

On appeal, defendant admits that he failed to preserve the argument he now asserts—that the trial court erred when it proceeded to trial without a written jury waiver. However, he argues that we can review the error because it was plain. In response, the state argues that, although it is plain error for a criminal trial to proceed without a jury absent a written waiver from the defendant, "it is at least debatable" whether the form waiving a 12-person jury and consenting to a six-person jury "was sufficient to comply with the written waiver requirement," and, thus, the trial court's error was not plain. We agree with defendant that the error was plain. As discussed below, we exercise our discretion to correct that error and, accordingly, reverse and remand.

Whether an allegation of error is plain presents a question of law. *See State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (applying legal error analysis). Normally, appellate courts will not review a claim of error "unless the claimed error was preserved in the lower court." ORAP 5.45(1). However, a court may review an error of law that is "apparent on the record," *i.e.*, a plain error. *Id.* To determine if an error is plain, we engage in a three-step analysis. *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000). First, we determine if the error is an error of law. *Id.* Second, we address whether the error is "obvious, not in reasonable dispute." *Id.* Third, we determine if the error "appears on the face of the record, *i.e.*, the reviewing court need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *Id.* (internal quotation marks, brackets, and ellipses omitted). If an error meets the above test, then "the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

The state does not contest the first and second prongs of the plain error analysis. First, the trial court's error was an error of law. Under both Article I, section 11,

of the Oregon Constitution and ORS 136.001(2), a criminal defendant has the right to a jury trial, and any waiver of that right must be "in writing."[1] Second, the error in this case is "obvious." *Reyes-Camarena*, 330 Or at 435. "There is no waiver of a jury trial unless that waiver is in writing and, without a waiver, [a] defendant should *** be[] tried by a jury." *State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007). Thus, a judge errs "in going to trial *at all*" absent a written jury waiver. *Id.* (emphasis in original). What is disputed, however, is the question presented by the third prong: whether the error "appears on the face of the record." *Reyes-Camarena*, 330 Or at 435 (internal quotation marks omitted).

As the state correctly points out, a claimed error "'is not plain if it is necessary to choose between competing inferences to find it.'" *State v. Jeanty*, 231 Or App 341, 346, 218 P3d 174 (2009), *rev den*, 348 Or 218 (2010) (quoting *State v. Akers*, 221 Or App 29, 34, 188 P3d 417 (2008)). However, when the record does not contain a written jury waiver, like the record in this case, competing inferences do not exist. *See, e.g., State v. Gilbert*, 255 Or App 203, 206, 296 P3d 629 (2013) (holding that "the record here is not subject to competing inferences" when the record did not contain a written jury waiver). Therefore, the error in this case is plain.

However, despite our previous holdings in similar cases on the matter, the state argues, relying on *Jeanty* and *Akers*, that to find the error in this case we must choose between competing inferences that may be drawn from the written waiver at issue here and, thus, the error is not plain. The state's reliance on those cases is inapt because, as discussed below, no competing inferences can be drawn

---

[1] As relevant, Article I, section 11, states:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; *** provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

Similarly, ORS 136.001(2) states, "Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

from the written waiver in this record, which waives only the right to a 12-person jury and consents instead to a six-person jury.

In both *Jeanty* and *Akers*, the jury-waiver language in the forms at issue created competing inferences. For example, in *Jeanty*, the defendant provided the court a signed jury waiver form that recited the defendant's right to a jury trial, stated that the defendant's attorney had explained that right to the defendant, stated that the defendant understood that right, and then stated, "After being advised, and of my own free will, I wish to waive my rights to a jury trial in this matter as follows[.]" 231 Or App at 343. It then provided the defendant with two options, each with a box for the defendant to mark. *Id.* The first option stated, "I WAIVE my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged and any sentence-enhancement facts." *Id.* (capitalization in original; internal quotation marks omitted). The second option stated, "I DO NOT waive my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged, but I WAIVE my right to have a jury decide the following sentence-enhancement facts ***[.]" *Id.* (capitalization and alterations in original; internal quotation marks omitted). The defendant failed to check either box. *Id.* at 343-44. We noted:

> "[D]ifferent inferences could be drawn from defendant's failure to check a box on the jury waiver form. One is that the defendant intended to decline to waive his right to a jury. Another possible inference is that defendant unintentionally failed to check the box. *** In any event, because of the existence of those competing inferences *** there is no plain error in this case."

*Id.* at 347-48.

Similarly, in *Akers*, the defendant provided the court with a "PETITION, AGREEMENT AND WAIVER TO ENTER L.I.F.E. PROGAM" before being convicted of a drug offense in a stipulated-facts bench trial. 221 Or App at 31-33 (capitalization in original). The defendant's petition consisted of three sections: a waiver section, a stipulation section, and an agreement section. *Id.* at 31. The petition provided, "My initials next to each sub-section indicate that I

have read, or have had read to me, these sections and understand the rights I give up, and the obligations I accept." *Id.* (internal quotation marks omitted). In the waiver portion of the form, it stated, "I freely and voluntarily waive my right to trial by a jury and consent to have this case tried by a judge, if a trial is necessary." *Id.* at 32 (internal quotation marks omitted). The defendant did not initial next to that portion of the waiver. *Id.* However, the defendant did sign under a certificate at the end of the petition that stated:

> "I have read, or have had read to me, the above statement of the rights I must give up and the stipulations and agreements I must make. I understand what I have read or have had read to me. I knowingly and voluntarily give up these rights and enter into these agreements with the Court.
>
> "I hearby petition the Court to admit me to the Circuit Court L.I.F.E. Program based upon the waivers, stipulations, and agreements contained in this document."

*Id.* at 32-33 (internal quotation marks omitted). As in *Jeanty*, we held:

> "In this case, at best * * * we are required to choose between competing inferences to determine defendant's intent when he signed the LIFE program application. On the one hand, he may simply have inadvertently neglected to initial the paragraph concerning his waiver of his right to a jury trial * * *. On the other hand, he could have intended * * * to signal an intention not to waive his jury trial right by his failure to initial that paragraph. Regardless of what defendant actually intended, the fact is that the necessity of choosing between the competing inferences defeats his contention that the error is plain."

*Akers*, 221 Or App at 35 (internal quotation marks omitted).

Here, in contrast with *Jeanty* and *Akers*, defendant's "ELECTION TO WAIVE A JURY OF TWELVE" contains no explicit waiver of defendant's Article I, section 11, right to a jury and, thus, creates no competing inferences. Whereas one could infer that the defendants in both *Jeanty* and *Akers* intended to waive their right to a jury from the language of the documents that they provided to the respective trial courts, that is not the case here. Defendant's written waiver

expressly waived *only* his right to a 12-person jury and stipulated, instead, to a six-person jury. It did not waive his right to a jury trial at all. In fact, the written waiver indicates that defendant was actually invoking his right to a jury trial by stipulating that the trial be conducted before a six-person jury and laying out the precise processes under which that jury selection would take place. Unlike in *Jeanty* and *Akers,* one cannot reasonably infer from the text of defendant's written waiver that defendant intended to waive his Article I, section 11, right without entirely rewriting the form. As a result, there are no competing inferences present on this record, and, consequently, the trial court's error was plain.

It is true that defendant's written waiver of a 12-person jury in favor of a six-person one was inconsistent with defendant's oral statements in which, through a colloquy with the trial court, he appeared to waive a jury trial entirely. However, as discussed, a criminal defendant must waive the right to a jury trial "in writing." Or Const, Art I, § 11; ORS 136.001(2). As the Supreme Court has explained:

> "The provision itself prescribes the only way in which an accused person may waive his or her right to a jury trial, and adherence to that method by the trial judge is itself a substantive constitutional right to which the accused is entitled."

*Barber,* 343 Or at 530. Thus, the purported oral waiver is not relevant to our waiver analysis in this case because defendant had a substantive constitutional right to a jury trial that *only* could be waived in writing, and the writing here clearly did not waive defendant's jury trial right.

Having determined that the error in this case is plain, we turn to whether we should exercise our discretion to remedy it. *See Ailes,* 312 Or at 382 ("Even if the error meets [the plain error test], * * * the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so."). Here, our discretion is guided by the Supreme Court's reasoning in *Barber.* 343 Or at 527. In that case, the court held that the court-created factors for raising and preserving error must "be weighed

against a constitutional provision specifying the only way that the right that the provision separately grants may be waived." *Id.* at 530. Presented that way, "there is no contest." *Id.* Therefore, with respect to the trial court's error in proceeding to trial absent a written jury waiver, "we cannot identify any way in which [we] may elect under ORAP 5.45(1) * * * to refuse to correct it." *Id.*

For the same reasons, we conclude that the error was not harmless. As discussed above, defendant had a substantive constitutional right to a jury trial that only could be waived in writing, and it was not so waived. The Supreme Court has counseled that we cannot, "having recognized [this kind of error], refuse to correct it." *Id.* Consequently, in accordance with the reasoning in *Barber*, we exercise our discretion to correct the error here.

The trial court erred when it proceeded to trial without a written jury waiver. The remedy for the error is reversal of the conviction and remand. *State v. Webster*, 239 Or App 598, 599, 245 P3d 172 (2010). Accordingly, we reverse and remand.

Reversed and remanded.