Submitted November 3, 2015, affirmed March 15, petition for review denied August 3, 2017 (361 Or 800)

NATHANIEL HARBERT,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV120509; A154871

393 P3d 243

Ryan T. O'Connor and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Hadlock, Chief Judge, and Flynn, Judge.

**FLYNN, J.**

Petitioner appeals from a judgment denying his claims for post-conviction relief. Petitioner argues that he was denied adequate assistance of appellate counsel pursuant to Article I, section 11, of the Oregon Constitution, because his appellate lawyer failed to raise, as plain error, the trial court's decision to proceed to a bench trial on petitioner's two consolidated cases with a written jury trial waiver that listed only one of the case numbers.[1] We conclude that petitioner has failed to demonstrate that every appellate attorney exercising reasonable professional skill and judgment would have raised an unpreserved challenge to the jury trial waiver in this case.[2] Therefore, we affirm.

The relevant facts are undisputed and mostly procedural. In September 2008, petitioner was indicted on four counts of rape in the second degree, ORS 163.365; on April 21, 2009, petitioner was indicted on two counts of witness tampering, ORS 162.285. Prior to his indictment for witness tampering, petitioner executed two writings waiving his right to a jury trial. The first was a signed, handwritten statement dated April 13, 2009, that stated, "I wish to waive my right to a jury trial and request to have my trial before a judge alone." The second was a waiver of jury trial form signed by petitioner and his trial counsel on April 14, 2009, with the case number pertaining to the rape case at the top. The box was checked next to the following statement: "I WAIVE my rights to have a jury decide whether I am guilty or not guilty of the crime(s) charged and any facts which can result in a greater sentence than is presumed." The state's motion to consolidate the rape case and the witness tampering case was granted a month later, on

---

[1] Appellant also argues that his appellate counsel's performance denied him effective assistance of counsel, in violation of his rights under the United States Constitution. The Oregon Supreme Court has explained that, although the relevant constitutional provisions "are 'worded differently,' they 'embody similar objectives.'" *Green v. Franke*, 357 Or 301, 311, 350 P3d 188 (2015) (quoting *Krummacher v. Gierloff*, 290 Or 867, 871, 627 P2d 458 (1981)). Appellant does not suggest that our analysis should differ under the two constitutional standards, so we frame our discussion in terms of the Oregon constitutional standard.

[2] In his petition to the post-conviction court, petitioner alleged that his trial counsel was inadequate and ineffective in failing to challenge the jury waiver. On appeal, petitioner only challenges the ruling regarding his appellate counsel.

May 19, 2009. The waiver of jury trial form that petitioner had signed on April 14, 2009, listing only the case number pertaining to the rape case, was filed 10 days after the witness tampering case had been consolidated with the rape case.

On the first day of trial on the joined cases, the trial court conducted a colloquy with petitioner regarding his right to a jury trial:

"THE COURT: Okay. So you understand by doing that you gave up your right to have a jury trial. Okay. And we'll go ahead with a bench trial at this time. Based on everything I know, I find that you're freely and voluntarily doing so. Any other pre-trial matters, [defense counsel]?

"[DEFENSE COUNSEL]: I don't think so, Your Honor. * * *

"* * * * *

"[PROSECUTOR]: And the only thing just to clarify, I think the jury waiver was prior to the Tampering charge, and so if we could just put on the record that he's also— the jury waiver applies to the Tampering case that's been joined with this one for trial.

"THE COURT: Okay. [Petitioner], the Tampering file was actually indicted April 21st so that's about the same time frame that you were talking about in terms of waiver of jury but we want to make sure you waive in both cases. There are two Tampering with a Witness charges in 09C-44204. By going ahead today without a jury, you're waiving your right to have a jury on those charges and on the other charges. Do you understand that?

"THE DEFENDANT: Right.

"THE COURT: Any problem with that at all?

"THE DEFENDANT: No, sir.

"THE COURT: You talked that over with Mr.—it hasn't been an issue because the waiver was signed, I guess.

"[DEFENSE COUNSEL]: Right. And I didn't realize until [the prosecutor] said that that it hadn't been signed after the original—

"THE COURT: And do you see any issues that raises at this point?

"[DEFENSE COUNSEL]: I don't think so. I think [petitioner] and I have anticipated that you will be hearing both matters in any event and I don't think your mind has changed, has it?

"THE DEFENDANT: No.

"THE COURT: Okay. Then I'll find that you're waiving jury on everything. We entered it and we may have done it before but it was entered on the 29th of May. * * *"

After a bench trial, the court found petitioner guilty of two counts of rape and one count of witness tampering. The court convicted petitioner and sentenced him to 175 months in prison.

On direct appeal, petitioner's appellate counsel filed a *Balfour* brief. *See State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991); ORAP 5.90. Appellate counsel represented that he had "reviewed the record and discussed the case with trial counsel and client," and that he had not identified any "arguably meritorious issue" to raise on appeal. Further, appellate counsel stated that he had supplied petitioner with the relevant materials and a "reasonable opportunity to raise any issue" in a Section B portion of the brief and that petitioner had not done so.

At the post-conviction hearing, petitioner submitted, among other evidence, an affidavit from appellate counsel stating that counsel had "considered assigning error to the trial court allowing [petitioner] to proceed via bench trial without a written jury waiver" but that he "rejected this claim as a potential assignment of error after a careful assessment." After a hearing, the post-conviction court denied all of petitioner's claims for post-conviction relief.[3]

___

[3] The post-conviction court rejected petitioner's claim of inadequate assistance of trial counsel as to the jury trial waiver. The post-conviction court concluded that if petitioner would have been presented with a written waiver of jury as to the witness tampering charges at the time of the trial, petitioner would have signed it; thus, the court rejected petitioner's claims in his declaration that he would not have signed a jury waiver in the witness tampering case had a waiver been presented to him. Further, the post-conviction court found that "[p]etitioner knew that he had properly waived jury in the rape case, that the two cases were

In order to prevail on a post-conviction claim for inadequate assistance of counsel, the petitioner must demonstrate by a preponderance of the evidence both that his lawyer "failed to exercise reasonable professional skill and judgment," and "that petitioner suffered prejudice as a result." *Garner v. Premo*, 283 Or App 494, 501, 389 P3d 1143 (2017) (internal quotation marks omitted).

With respect to a claim that appellate counsel failed to exercise reasonable professional skill and judgment, the petitioner must show "'(1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different.'" *Id.* at 501 (quoting *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987)).

We evaluate the adequacy of the lawyer's representation "from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002). Moreover, a petitioner does not establish that his criminal defense attorney provided inadequate assistance merely by showing that his attorney failed to raise an available argument. As we emphasized in *Garner*, "at least in some circumstances, when an appellate lawyer 'reasonably could have concluded that * * * assigning error to [a particular] ruling would have had little chance of success,'" the decision not to raise an argument as to that error is not ineffective assistance of counsel. *Garner*, 283 Or App at 502 (quoting *Hempel v. Palmateer*, 187 Or App 70, 74, 66 P3d 513 (2003)). In particular, we have held that, aside from "extraordinary circumstances," such as when the error is apparent on the face of the record, "appellate counsel's failure to raise unpreserved matters does not, and cannot, constitute inadequate assistance." *Pratt v. Armenakis,* 199 Or App 448, 467, 112 P3d 371, *adh'd to on recons*, 201 Or App 217, 118 P3d 821 (2005), *rev den*, 340 Or 483 (2006) (footnote omitted).

---

consolidated for trial, that he had a right to a jury trial in the tampering case, and that he voluntarily waived jury in that case." Therefore, the court concluded that petitioner had voluntarily proceeded outside the protections of the constitution and therefore petitioner's trial counsel had not erred. Petitioner does not renew his claim that his trial counsel was inadequate in this regard on appeal.

Petitioner does not dispute that his criminal trial counsel failed to preserve the claim of error that he now alleges his appellate counsel should have raised on direct appeal. However, petitioner argues that this case presents a situation in which the trial court's error was "plain" and that this court would have been without discretion to refuse to reach it. We disagree. Petitioner's argument that all reasonable appellate counsel exercising professional skill and judgment would have challenged defendant's jury waiver relies on the Supreme Court's decision in *State v. Barber*, 343 Or 525, 529, 173 P3d 827 (2007). In *Barber*, the defendant was found guilty after a bench trial with stipulated facts. *Id.* at 527. Although neither the defendant, nor his trial attorney objected to proceeding to a stipulated facts bench trial, there was no evidence of any writing in the record that waived the defendant's right to a jury trial. *Id.* On appeal to this court, the defendant argued that the lack of a written jury waiver invalidated his convictions. *Id.* Although the defendant had not raised that challenge in the trial court, he argued that we should reach it as plain error. We agreed that the lack of written waiver was plain error, because it violated the defendant's rights under Article I, section 11, of the Oregon Constitution, and was error "apparent on the face of the record." However, we declined to exercise our discretion to review the claim of error. *Id.* (citing *State v. Barber*, 209 Or App 262, 266, 269, 147 P3d 915 (2006)).

The Supreme Court reversed that decision. The court explained that the trial court's error "lay in going to trial *at all*," because "[t]here is no waiver of a jury trial unless that waiver is in writing and, without a waiver, [the] defendant should have been tried by a jury." *Barber*, 343 Or at 530 (emphasis in original). The court held that, with respect to that kind of error under Article I, section 11, the court has no authority "either to refuse to recognize the error or, having recognized it, refuse to correct it." *Id.*

Petitioner contends that all reasonable appellate counsel would have concluded that, under *Barber*, the trial court committed plain error in proceeding to a bench trial on the witness tampering charge and that the error required reversal.

However, an appellate attorney exercising "reasonable professional skill and judgment" could also have considered our decision in *State v. Jeanty*, 231 Or App 341, 218 P3d 174 (2009), *rev den*, 348 Or 218 (2010), which clarified that *Barber* does not stand for the proposition that all errors related to a written jury waiver constitute plain error. In *Jeanty*, the defendant and his defense attorney submitted a signed waiver entitled "'Waiver of Jury Trial'" (boldface omitted) to the court without checking the box next to either "'I WAIVE my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged * * *'" or "'I DO NOT WAIVE my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged * * *.'" *Id.* at 343. The defendant submitted the form to the court and acknowledged that he intended his signature to waive his right to a jury after discussing the decision with his lawyer. *Id.* at 344. The trial judge announced that the "[d]efendant's waiver of jury trial is intelligent, knowing, and voluntary, and the court accepts that waiver" and signed the waiver form. *Id.*

We held that, under those circumstances, it was not plain error for the trial court to conduct a bench trial, because there were competing inferences that could be drawn from the facts. *Id.* at 347-48. Specifically, although the defendant argued that the writing was insufficient to constitute a written waiver of jury trial, both the defendant and his lawyer signed the form. Additionally, "[the] defendant personally informed the trial court that his signature on the form was intended to give up his right to a jury and that he had had sufficient time to discuss that decision with his attorney." *Id.* at 347 (brackets and internal quotation marks omitted). Because different inferences could be drawn from the fact that the defendant did not check either of the boxes on the form, *e.g.*, that the defendant did not want to waive his right to a jury trial or that he unintentionally left the box waiving his right to a jury trial blank, we held that the alleged error was not plain and, thus, not an error that the court could reach on appeal. *Id.* at 347-48; *see also State v. Akers*, 221 Or App 29, 188 P3d 417 (2008) (signed agreement containing written jury trial waiver but lacking initials next to that provision did not qualify for plain error review).

An appellate attorney exercising "reasonable professional skill and judgment" could have determined that the circumstances of the waiver in *Jeanty* were sufficiently similar to the circumstances of petitioner's waiver such that any alleged error in petitioner's case would not be "plain." As in *Jeanty*, petitioner had signed a written waiver and had engaged in a colloquy with the trial court confirming and referring to his written waiver. Although some appellate counsel may have identified a meritorious argument for distinguishing *Jeanty*,[4] petitioner's appellate counsel reasonably could have concluded that the record in petitioner's case also raised competing inferences regarding whether petitioner intended his written jury waiver, which was filed after the two cases were consolidated, to waive a jury in both of the consolidated cases.

Moreover, an appellate attorney exercising "reasonable professional skill and judgment" also could have concluded that any challenge to the jury waiver would lack merit because of petitioner's role in creating the error—by confirming for the court that he wanted to extend his jury waiver to the witness tampering charge. At the time of petitioner's direct appeal, case law from both this court and the Supreme Court suggested that the invited error doctrine precludes parties from "obtaining reversal" when they actively encourage the commission of the error. *See, e.g., State ex rel Juv. Dept. v. S. P.*, 346 Or 592, 606, 215 P3d 847 (2009) (affirming our decision not to undertake plain error review and stating, "In *Clay/Luttrell v. Pay Less Drug Stores*, 276 Or 673, 677, 556 P2d 125 (1976), this court said that 'invited error is not a basis for reversal'"); *Werbowski v. Red Shield Ins. Co.*, 221 Or App 271, 274, 190 P3d 406 (2008) (The "doctrine of invited error precludes us from correcting errors that a party has been 'actively instrumental' in causing. *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006).")). Thus, reasonable

---

[4] In *State v. Herrington*, 283 Or App 93, 99, 387 P3d 485 (2016), decided after petitioner's direct appeal, we distinguished *Jeanty* and *Akers*. We held that we would not consider the defendant's oral statements in determining whether the written waiver that the defendant had executed permitted competing inferences as to the defendant's intent, concluding that, pursuant to *Barber*, the defendant's "oral waiver [was] not relevant in our waiver analysis." *Herrington*, 283 Or App at 99.

appellate counsel could have concluded that there was no merit to an argument that the court erred in allowing the trial to proceed, given petitioner's role in inviting that error. Under the circumstances of this case, and considering the state of the law at the time, petitioner has not demonstrated that "every appellate counsel exercising reasonable professional skill and judgment would have assigned error" to the trial judge's decision to proceed to a bench trial on the witness tampering charges. *See Garner*, 283 Or App at 501-02.

Affirmed.