Argued and submitted August 1, reversed and remanded October 30, 2019

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TODD JAMES SMITH,
aka Todd Smith,
*Defendant-Appellant.*

Marion County Circuit Court
16CR82663; A166724

453 P3d 940

Defendant appeals judgments of conviction for four misdemeanor crimes. On appeal, defendant contends that the trial court erred by conducting a bench trial and convicting him of the charges without a written jury waiver specific to those counts. Defendant argues that the written jury waiver he signed was ineffective for the charges for which he was convicted because, while the case number remained the same, two amended informations were filed after he signed the jury waiver that dismissed the original charge and added new charges. Defendant acknowledges that he did not preserve his claim of error, but he contends that the error is plain. The state argues that there is no plain error because defendant's signature on a written jury waiver with the same case number as that under which he was ultimately convicted gives rise to competing inferences about whether defendant intended to waive his right to a jury trial. *Held*: A written jury waiver is plainly only effective with respect to charges made known to the defendant at the time of the waiver. Accordingly, the trial court erred when it conducted a bench trial on charges for which defendant had not executed a written jury waiver.

Reversed and remanded.

Claudia M. Burton, Judge.

Anna Belais, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

HADLOCK, P. J.

Reversed and remanded.

**HADLOCK, P. J.**

Defendant appeals a judgment of conviction for two counts of stalking, one count of first-degree criminal trespass, and one count of second-degree criminal trespass.[1] Defendant contends that the trial court erred by conducting a bench trial and convicting him of the charges without a written jury waiver specific to those counts. Defendant acknowledges that he did not object at the time, but he argues on appeal that the error is plain. We agree that the trial court plainly erred in conducting a bench trial without a written jury waiver for the charges for which defendant was tried and convicted. Accordingly, we reverse and remand.

The relevant facts are procedural and undisputed. On December 30, 2016, the state charged defendant in case number 16CR82663 with one count of second-degree criminal trespass. On June 5, 2017, defendant signed a written waiver of his right to a jury trial in that case. The waiver informed defendant that he had "the right to a jury trial on any fact *** [about] the criminal activity alleged in this case." Defendant checked the box marked "I WAIVE my right to have a jury decide whether I am guilty or not guilty of the crime(s) charged and any facts which can result in a greater sentence than is presumed." A hearing on the waiver occurred the same day. Defendant confirmed to the trial court orally that he understood he had the right to a jury and wanted to waive it.

Seven days after the hearing, the state filed an amended information that charged defendant with harassment and second-degree disorderly conduct. The amended information was filed with the same case number under which the state had brought the original charge of second-degree criminal trespass, 16CR82663, but it did not include that charge. Defendant was arraigned on the amended information about two weeks later and, at the arraignment, told the court that he wanted a jury trial. The court assured defendant several times that he could have a jury trial if

---

[1] The judgment also includes two counts of punitive contempt for which the trial court imposed sanctions. Defendant does not challenge those contempt findings on appeal.

he wanted one and also said, "you have previously waived jury. But you always at all times * * * have the constitutional right to have a jury try your case." Defendant indicated his understanding that, because the original charge for which he waived jury trial had been dropped and different charges added, his jury rights "will become new." Defense counsel told the court that he would discuss the matter with defendant and inform the court of how defendant wanted to proceed. No new written jury waiver was filed after that point, and the record does not include any additional information about whether defendant wished to waive his right to a jury trial on the new charges.

In October 2017, about four months after defendant was arraigned on the amended information, the state filed a second amended information that charged defendant with two counts of stalking, one count of first-degree criminal trespass, one count of second-degree criminal trespass, and two counts of punitive contempt. One of the stalking counts was alleged to have occurred in December 2016; the remaining crimes were alleged to have occurred in August or September 2017. Like the first amended information, the second amended information was filed under case number 16CR82663 and did not include the single count of second-degree criminal trespass that had been charged in the original information. A bench trial took place in December 2017, and the court found defendant guilty on all counts charged in the second amended information.

On appeal, defendant contends that the trial court erred by conducting a bench trial and convicting him of the charges in the second amended information in the absence of a written jury waiver associated with those charges. He bases that argument on Article I, section 11, of the Oregon Constitution, which requires jury waivers to be in writing:

> "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *; to demand the nature and cause of the accusation against him, and to have a copy thereof; * * * provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing * * *."

Defendant acknowledges that he did not preserve his claim of error in the trial below, but he argues that we can review the Article I, section 11, error because it is plain. In response, the state focuses on the undisputed fact that defendant signed a jury waiver in case number 16CR82663 in June 2017, when only the original information had been filed. Because the second amended information was filed under that same case number and defendant never moved to withdraw his earlier written jury waiver, the state contends that competing inferences arise about whether defendant intended that written waiver to cover the charges of which he was subsequently convicted. Accordingly, the state asserts, any error is not plain.

The parties' arguments implicate both general plainerror principles and principles that are unique to Article I, section 11. In general, we may address an unpreserved claim of error only if the trial court plainly erred. An error is "plain" if

"(1) the error is one of law, (2) the error is obvious, not reasonably in dispute, and (3) the error appears on * * * the record, so that we need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable."

*State v. Zolotoff*, 275 Or App 384, 397, 365 P3d 131 (2015).

In most cases in which we determine that a trial court has plainly erred, we have discretion whether to correct that error. *See id*. at 398 (discussing factors that inform our discretionary decision whether to correct plain error). We have no such discretion when a trial court has plainly erred by conducting a bench trial in the absence of a written jury waiver. In such cases, we must correct the Article I, section 11, error. *State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007). That distinction arises from the unique nature of Article I, section 11: It does not just provide for a substantive right to a jury trial, it also "prescribes the only way in which an accused person may waive" that right. *Id*. Thus, a trial judge errs in "going to trial *at all*" without a written jury waiver. *Id*. (emphasis in original).

When it is undisputed that there is no written jury waiver in the record of a case in which the defendant was

tried to the court, the absence of such a waiver is reviewable as plain error. *State v. Herrington*, 283 Or App 93, 96, 387 P3d 485 (2016). When the record does include a written waiver, and the parties dispute whether the waiver was effective for the convictions a defendant challenges on appeal, the question before us on plain-error review is whether the record allows competing inferences about the "defendant's intent when he signed the [document in the record]." *State v. Akers*, 221 Or App 29, 34-35, 188 P3d 417 (2008).

In asserting that the record in this case allows competing inferences regarding defendant's intention in signing the June 2017 jury waiver, the state relies on *Akers* and on *State v. Jeanty*, 231 Or App 341, 218 P3d 174 (2009), *rev den*, 348 Or 218 (2010). In *Akers*, the defendant signed a petition to enter into a drug court program. 221 Or App at 31. In exchange for participation in the program, the petition required the defendant to make several stipulations and waivers, including stipulating to the underlying criminal charges and waiving his right to a jury trial; each paragraph of the petition described a stipulation or waiver and included an area for the defendant to initial. *Id.* at 31-32. The defendant did not fully complete the petition form: he failed to initial several of the paragraphs in the document, but he did sign the conclusion line of the petition, which indicated that he understood the agreement and was voluntarily giving up the rights indicated by it. *Id.* at 32-33. On appeal, the defendant argued that, because he did not initial the paragraph that waived his right to a jury trial, he did not effectively waive that right. *Id.* at 33. We rejected that argument, concluding that the defendant's signature at the bottom of the petition, combined with his lack of initialing some of the specific paragraphs, led to competing inferences about the defendant's intention to waive his right to a jury trial. *Id.* at 34-35. We concluded that the defendant's actions could give rise to the inference either that he intentionally did not initial the provisions waiving his right to a jury (in an effort to preserve that right) or that he inadvertently missed the spaces for his initials and did intend to waive his right. *Id.* at 35. Because the record allowed those competing inferences, no error was plain. *Id.*

In *Jeanty*, we concluded for similar reasons that the trial court did not plainly err in conducting a bench trial after the defendant signed—but did not fully complete—a jury-waiver form. The jury-waiver form in *Jeanty* provided the defendant with two options: He could check one box indicating that he wanted to waive his right to a jury to determine both whether he was guilty of the crime charged and for any sentence enhancements, or he could check another box indicating that he wanted to waive his right to a jury only for sentence enhancements. *Jeanty*, 231 Or App at 343. The defendant signed the form without checking either box. *Id.* Before beginning a bench trial, the judge asked the defendant to confirm that his signature on the document indicated that he wanted to waive his right to a jury, and the defendant agreed. *Id.* at 343-44. As in *Akers*, we determined that competing inferences existed about whether the defendant intended to waive his right to a jury and inadvertently missed checking a box or whether the defendant's failure to check a box indicated his intention not to waive his right to a jury trial. *Id.* at 347. Because of those competing inferences, we found that no error was plain. *Id.* at 347-48.

We reached a different result in *Herrington*. In that case, the defendant submitted a signed form labeled "ELECTION TO WAIVE A JURY OF TWELVE," a form that waived the defendant's right to twelve jurors and allowed his case to be tried by a six-member jury instead. 283 Or App at 94 (uppercase in original). The record contained no written waiver of the defendant's right to a jury of six; however, the trial court "mistakenly referred to the form as 'an election to waive a jury' *** [and the defendant] never challenged the lack of a written jury waiver at trial." *Id.* Additionally, "through a colloquy with the trial court, [the defendant] appeared to waive a jury trial entirely." *Id.* at 99. We determined that the defendant's actions did not lead to competing inferences about his intent to waive his right to a jury trial *entirely* and to be tried by the court; the record included no indication that defendant had signed a document intending to waive that right. *Id.* Additionally, the defendant's oral statements to the trial court were "not relevant to our waiver analysis *** because [the] defendant

had a substantive constitutional right to a jury trial that *only* could be waived in writing." *Id.* (emphasis in original).

*Akers* and *Jeanty* stand for this proposition: If a defendant signs a form indicating that the defendant wishes to waive the right to a jury trial on certain charges and, instead, be tried by the court, the defendant's failure to complete some portion of the form may (at least in certain circumstances) allow competing inferences about whether the defendant's signature reflects his or her intention to waive the jury right. In such cases, no Article I, section 11, error is plain on the record because one reasonable inference is that the defendant *did* intentionally waive the jury right in writing, even if he or she inadvertently did not check or initial certain boxes on the form in a way that would have reflected that intention more completely. *Herrington* illustrates the converse situation, where plain error exists because the record does not include any writing that could give rise to an inference that the defendant intended to waive his right to a jury.

Here, in contrast with *Jeanty* and *Akers* and similarly to *Herrington*, there is no way to "reasonably infer from the text of defendant's written waiver that defendant intended to waive his Article I, section 11, right" for the charges on which he was tried and convicted. *Herrington*, 283 Or App at 99. Defendant's waiver was dated June 5, 2017, and it expressly referred to the "crime(s) charged," which at that time included only a charge of second-degree criminal trespass—a charge that was later dropped. One cannot reasonably infer from defendant's signature on that June 2017 waiver that he intended to waive his right to a jury trial for crimes with which he had not yet been charged, including offenses for which the alleged underlying conduct had not yet occurred.

The latter point is worth emphasizing. Article I, section 11, gives a defendant both the right to a jury trial and the right to know the "nature and cause" of the charge against him. The jury right necessarily is associated with the charges that are made known to the defendant, and the defendant's waiver of the jury right can be effective only with respect to those charges. Where, as here, new charges

are brought against a defendant after the defendant has already signed a jury waiver specific to a different charge, that waiver plainly is not effective with respect to the added charges.

Having determined that the trial court plainly erred by conducting a bench trial on charges for which defendant had not executed a written jury waiver, we must correct the error. *Barber*, 343 Or at 530. Accordingly, we reverse and remand.

Reversed and remanded.